IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOEL ROSENFELD, derivatively on behalf of EDGIO, INC., <br><br> PLAINTIFF, <br><br> v. <br><br> WALTER D. AMARAL, DOUG BEWSHER, SCOTT A. GENEREUX, PATRICIA PARRA HADDEN, DIANNE LEDINGHAM, ROBERT LYONS, DAVID C. PETERSCHMIDT, REED B. RAYMAN, and E-FEI WANG, <br><br> Defendants, <br><br> and <br><br> EDGIO, INC., <br><br> Nominal Defendant. | Case No. 1:23-cv-06323 |

**STIPULATION AND [PROPOSED] ORDER TO STAY THE CASE**

Plaintiff Joel Rosenfeld ("Plaintiff"), derivatively and on behalf of Edgio, Inc. ("Edgio"), and Defendants Walter D. Amaral, Doug Bewsher, Scott A. Genereux, Patricia Parra Hadden, Dianne Ledingham, Robert Lyons, David C. Peterschmidt, Reed B. Rayman, and E-Fei Wang (collectively, the " Individual Defendants"), and Nominal Defendant Edgio (together with Plaintiff and the Individual Defendants, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as follows and jointly request that the Court enter the below Order approving this Stipulation:

WHEREAS, on August 23, 2023, Plaintiff filed the above-captioned derivative action asserting claims under Section 14(b) and 21D of the Securities Exchange Act of 1934, as well as

for breach of fiduciary duty and aiding and abetting against the Individual Defendants (the "Derivative Action");

WHEREAS, pending in the United States District Court for the District of Arizona is a prior-filed putative securities class action captioned *Esfandiari v. Edgio, Inc. et al.*, No. 2:23-cv-00691 (the "Securities Litigation");

WHEREAS, there is substantial overlap between the facts and circumstances, including the relevance of many of the same documents and witnesses, alleged in the Derivative Action and the Securities Litigation;

WHEREAS, defendants in the Securities Litigation, which include a defendant and the nominal defendant in the Derivative Action, intend to file a motion to dismiss the Securities Litigation;

WHEREAS, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss" in the Securities Litigation;

WHEREAS, the Parties agree that the proceedings in the Securities Litigation will have implications for the scope of the claims and case management of the Derivative Action;

WHEREAS, the Parties have conferred and agree that the interests of preserving Edgio's and the Court's resources and efficient case management would best be served by temporarily deferring all proceedings and continuing all response dates in the Derivative Action pending resolution of the Motion to Dismiss in the Securities Litigation;

WHEREAS, the parties believe that the above approach strikes an appropriate balance of ensuring the efficient and effective management of this Derivative Action, while also ensuring that

Plaintiff remains actively involved in pursuing his derivative claims, without jeopardizing Defendants' defense in the Securities Litigation; and

**WHEREAS**, the Parties agree that the electronic signatures of the undersigned counsel are effective as if signed by hand;

**THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by Plaintiff and Defendants, through their respective counsel of record, that:

1. All proceedings in this matter, including any obligation to respond to Plaintiff's complaint, all initial scheduling conference and case management conference deadlines, and all discovery and disclosure obligations under the applicable local and federal rules, shall be STAYED until the Motion to Dismiss in the Securities Litigation is (i) granted and the Securities Litigation is dismissed with prejudice, and exhaustion of all appeals related thereto, or (2) denied.

2. No later than thirty (30) days after final resolution of the Motion to Dismiss in the Securities Litigation, the Parties shall confer and file a status report with the Court proposing a schedule for further proceedings, including the date by which Defendants must move, answer, or otherwise respond to the complaint.

3. The Parties agree that unless otherwise ordered by the Court, the terms of this Stipulation shall apply to shareholder derivative actions later instituted in, or transferred to, this Court that involve similar or related claims, or that are otherwise deemed related to this Derivative Action. The Parties agree that when a shareholder derivative action that properly belongs as part of this Derivative Action is hereinafter filed in this Court or transferred to this Court, Counsel for Plaintiff shall serve and file an endorsed copy of this Order upon attorneys for plaintiff in the newly filed or transferred action. The Parties agree that Counsel for Plaintiff shall also advise the attorneys for any plaintiff in any such newly filed or transferred shareholder derivative action that

those attorneys must serve a copy of this Order on any new defendant(s) and file proof of service of this pre-trial Order with the Court.  For the avoidance of doubt, during the pendency of the stay, the Parties may file such motions, stipulations, or other related filings as are necessary to transfer or consolidate such later related shareholder derivative action with the Derivative Action. The Parties agree that any objections to consolidation or application of the other terms of this Order to the newly filed shareholder derivative case shall be filed with the Court promptly, with a copy served on Counsel for Plaintiff and on all Defendants. Unless otherwise ordered by the Court, the Parties agree that the terms of all orders, rulings, and decisions shall apply to all later related shareholder derivative actions instituted herein.

4. The Parties agree that notwithstanding this stay of this Derivative Litigation, Plaintiff may file an amended complaint, although the Defendants shall be under no obligation to move, answer, plead, or otherwise respond to the amended complaint during the pendency of the stay and until a date set by the Court after the Parties submit a proposed scheduling order governing that motion to dismiss, answer, or other response to the operative complaint.

5. Defendants shall promptly notify Plaintiff should they become aware of any stockholder derivative lawsuit regarding the same allegations made in the Derivative Action (each such derivative lawsuit being a "Related Derivative Action").

6. The stay in the Derivative Action may be lifted upon motion of any Party for good cause shown or by stipulation of the Parties, or as otherwise ordered by this Court. The Parties further agree that if the plaintiff in any Related Derivative Action refuses to agree to a stay under similar terms, Plaintiff may lift the agreed stay upon fourteen (14) days' notice in writing to the undersigned Counsel for Defendant via email.

7. Edgio and each of the Individual Defendants hereby accept service of the complaint in the Derivative Action; provided, however, that Defendants do not have to respond to the complaint until at least thirty days after the stay is lifted and until a date set by the Court after the Parties submit a proposed scheduling order governing that motion to dismiss, answer, or other response to the operative complaint, and that the acceptance of service and entry into this Stipulation shall not waive, and Defendants expressly preserve, all rights, claims and defenses, including, but not limited to, all defenses relating to jurisdiction.

8. The Derivative Action shall be stayed upon the Court's endorsement of this Stipulation as an Order of the Court and all current Court dates and deadlines are vacated.

David C. Katz
Mark D. Smilow
Joshua M. Rubin
Weiss Law
305 Broadway, 7th Floor
New York, NY 10007
Telephone: (212) 682-3025
Facsimile: (212) 682-3010
Email: dkatz@weisslawllp.com
msmilow@weisslawllp.com
jrubin@weisslawllp.com

*Attorneys for Plaintiff*

November 15, 2023

/s/ Jed M. Schwartz
George S. Canellos
Jed M. Schwartz
Nicole D. Valente
MILBANK LLP
55 Hudson Yards
New York, NY 10001
(212) 530-5000
gcanellos@milbank.com
jschwartz@milbank.com
nvalente@milbank.com

*Attorneys for Defendants and Nominal Defendant*

SO ORDERED this _____ day of _____, 2023.

_____
United States District Judge

5